# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**HERMITAGE INSURANCE COMPANY,**

    Plaintiff,

v.                                               Case No. 8:08-cv-330-T-30EAJ

**STUDIO, INC. NIGHT CLUB CORP.,**
**et al.,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Summary Judgment (Dkt. 10) and Defendant Studio, Inc. Night Club Corp.'s ("Studio") Opposition to the same (Dkt. 23). The additional Defendants have adopted the arguments and relief requested in Studio's Opposition. The Court, having reviewed the Motion, Opposition and supporting memoranda, and being otherwise fully advised in the premises, determines the Motion should be granted.

## Background

On or about November 9, 2006, Plaintiff Hermitage Insurance Company ("Plaintiff" or "Hermitage") issued a commercial general liability policy to Studio. Pursuant to the terms of the policy, Hermitage agreed to indemnify Studio for any "sums that the insured [became] legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which [the] insurance [applied]," and further agreed to defend Studio in any suit seeking such

damages.  See Commercial General Liability Coverage Form ("CGLCF"), p. 1 of 15 (Dkt. 11-4).  Defendant Hallel Realty ADA Compliant, LTD ("Hallel") was listed as an additional insured under the policy, but Defendant Dalfen American Corp. ("Dalfen") was not so listed.

The policy included a Declarations section with an attached endorsement listing applicable forms and endorsements.  Included on this list was an endorsement labeled "Consolidated Endorsement," Form HIC3000.  This endorsement, which was attached to the policy, contained the following exclusion:

### EXCLUSION - ASSAULT AND/OR BATTERY HIC 308

Assault and/or battery shall not be deemed an "occurrence" or "injury" under this insurance.  The Company shall not be obligated to pay on behalf of or defend the insured for any claim alleging an assault and/or battery no matter how the assault and/or battery is alleged to have occurred.

It is understood and agreed that this insurance does not apply to **"bodily injury"** or **"property damage"** arising or alleged to arise out of:

- A) An assault and/or battery caused by or at the instigation or direction of:
  1. the insured, his agent or employee;
  2. any patron of the insured; or
  3. any other person; or

- B) Any act or omission of the insured, his agent or employee in connection with the prevention or suppression of an assault and/or battery or criminal acts by third parties.

See Endorsement HIC 3000 (01/-5) to CGLCF (Dkt. 11-4).  Another endorsement attached to the policy, Form CG2144 (7/98) titled "LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT," specifically limited coverage to injuries arising

out of the ownership, maintenance, or use of the premises (the "Designated Premises Provision"). The premises was defined to be 3603 W. Waters Avenue, Tampa.

On or about December 20, 2007, Defendant Antonio Ransom ("Ransom") filed a lawsuit against Studio, Dalfen and Hallel in Hillsborough County Circuit Court. In that suit, Ransom alleges he was a patron of Studio's night club on or about December 30, 2006. During the course of the evening, one or more fights broke out in or around the club . See Ransom Complaint, p. 3-4 (Dkt. 11-3 p. 6-7). Ransom alleges that when he "exited the club and went outside, an unidentified person or persons approached [him] and attacked him by punching or kicking and hitting him several times including while he was on the ground." Id.

Ransom filed the lawsuit against Studio, Dalfen and Hallel as a result of the injuries he suffered from the attack. His complaint included three negligence counts, one against each defendant, for alleged failure to maintain order between club patrons, investigate and train employees and security personnel, provide security personnel, maintain the premises, warn patrons of prior criminal acts occurring at the premises, assist Ransom after he was injured, stop the fights, and/or summon the authorities.

Studio, Dalfen and Hallel have all demanded Plaintiff defend and indemnify them in connection with the Ransom suit. Dalfen claims to be an additional insured under the policy. Plaintiff has filed this action for declaratory judgment. In the instant Motion, Plaintiff moves for summary judgment against Defendants for a declaration that under the subject policy, (1)

Plaintiff has no duty to defend nor indemnify Studio, Dalfen and Hallel in connection with the Ransom suit, and (2) Dalfen is not an additional insured.

## Summary Judgment Standard

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. Id. Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in his or her favor. *Id*. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. Chelates, 477 U.S. at 324. The evidence must be significantly probative to support the claims. Anderson, 477 U.S. at 248-49.

This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).

## Discussion

Because federal jurisdiction over this matter is based on diversity, Florida law governs with respect to the insurance coverage issues in dispute. State Farm Fire and Casualty Company v. Steinberg, 393 F.3d 1226, 1230 (11th Cir. 2004). Florida courts have routinely enforced assault and battery exclusions similar to the one at issue in this case. See Miami Beach Entertainment, Inc. v. First Oak Brook Corp., 682 So. 2d 161, 162 (Fla. 3d DCA 1996) (holding assault and battery exclusion excluded coverage for injuries to patron of bar that was struck in the head by a champagne bottle, despite the fact the underlying complaint was couched in terms of the bar owner's negligence in failing to keep control over its patrons); Britamco Underwriter's, Inc. V. Zuma Corp., 576 So. 2d 965, 965 (Fla. 5th DCA 1991) (holding assault and battery exclusion excluded coverage for bar patron intentionally

injured by other patrons despite the fact underlying claim was based upon the negligence of the bar owner).

The attack on Ransom was clearly an assault and/or battery, and the injuries for which he filed suit resulted from that attack. The provision at issue and the underlying claims are similar to the ones at issue in <u>Miami Beach Entertainment</u> and <u>Britamco</u>. Accordingly, the Court concludes the language of the assault and battery provisions excludes Plaintiff from any obligation to provide coverage for Ransom's injuries.

Defendants argue the Declaration page of the policy is misleading because it does not expressly identify the assault and battery exclusion. Instead, the form/endorsement that includes the exclusion is identified as "Consolidated Endorsement." This Consolidated Endorsement includes the assault and battery exclusion, an exclusion for punitive and/or exemplary damages, and a classification limitation. Defendants do not dispute that this endorsement was attached to the policy. Instead, Defendants argue that Plaintiff's Declaration page was misleading and that there was "no way the insured or additional insured could have been put on notice by the insurance company of the exclusion." <u>See</u> Studio's Opposition at 3 (Dkt. 23).

The Court does not agree. The assault and battery exclusion was included in an endorsement attached to the policy. Although the words "assault and battery" were not included in the Declarations section of the policy, the applicable endorsement was identified as a consolidated endorsement. The endorsement page included exclusions and provisions

in addition to the assault and battery exclusion. Thus, the label of "Consolidated Endorsement" was neither false nor inaccurate.

Defendants' additional arguments are without merit. Defendants argue the relief requested by Plaintiff is inconsistent. In the Complaint, Plaintiff requests the Court to determine there is no insurance coverage under the policy with respect to the Ransom lawsuit. In the instant Motion, Plaintiff requests a determination that Plaintiff has no duty to defend or indemnify Studio, Hallel and Dalfen. Defendants argues this requested relief is inconsistent and varies in applicability. However, Plaintiff's duty to defend and indemnify the three Defendants arises from the same policy with the same exclusions. If there is no coverage under the policy, Plaintiff does not have duty to defend or indemnify the three Defendants. This is not a case where some claims are covered and some claims are not. Under such circumstances, the Florida Supreme Court has held that "the indemnity issue and the duty to defend issue are inextricable," and further that "[t]he resolution of one necessarily resolves the other." Higgins v. State Farm Fire and Casualty Company, 894 So. 2d 5, 16 (Fla. 2004). Accordingly, the requested relief is not inconsistent under these facts.

Defendants also argue that Section I, 2. b. (2) of the policy provides an exclusion from exclusion and thus obligates Plaintiff to provide coverage under the policy. The applicable provision states:

**2.    Exclusions**

This insurance does not apply to: . . .

**b.    Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages: . . .

>   (2) Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract," reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage," provided:
>
>   (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
>
>   (b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

CGLCF, Section I, 2. b. (2). In Section V of the policy, "insured contract" is defined to include "[a] contract for a lease of premises." Defendants argue this provision applies because Hallel is the landlord of the property upon which Studio is located. However, the exclusion from exclusion addressed in subsection (2) applies to liability assumed in a contract or agreement. Although Defendants claim Hallel is the landlord of the subject property, there is no record evidence of the same.[1] Moreover, there is no lease or other contract in the record addressing any assumption of liability. Even if there were, Defendants have failed to show how this exclusion from exclusion for liability assumed in a contract in

---

[1]This fact that Hallel is the owner (or an owner) of the subject property is not in dispute.

any way relates to the assault and battery exclusion, which is addressed in a separate endorsement to the policy.

Plaintiff also argues that the Designated Premises Provision alone would be sufficient to bar coverage because Ransom alleges he was assaulted after he exited the night club. Plaintiff has filed a Declaration of one if its adjusters, Ernestine Gorham, who claims the police report of the incident indicated the attack on Ransom took place hundreds of yards away from the night club.[2] Defendants argue that liability for an insurer's obligation to defend is determined solely by the claimant's complaint under Higgins v. State Farm Fire and Casualty Company, 894 So. 2d 5, 16 (Fla. 2004), and that Plaintiff has inappropriately attempted to have the Court consider facts outside the Complaint. The Court questions Defendants' interpretation of Higgins, in which the Florida Supreme Court concluded "it is illogical and unfair to not allow insureds and insurers to have a determination as to whether coverage exists on the basis of the facts underlying a claim against an insurance policy." Higgins, 894 So.2d at 15. However, a determination of whether or not Ransom was on the premises at the time he was attacked would require additional evidence from both parties. Because the Court has already concluded the assault and battery exclusion bars coverage under the policy, such a determination is not necessary.

---

[2]The report itself is not in the record.

Plaintiff has also moved for declaratory judgment that Dalfen is not an additional insured under the policy. Dalfen is not listed as an additional insured on the policy.[3] While Dalfen has joined in Studio's Opposition to the instant Motion, it has not provided the Court with any independent argument supporting its position. Moreover, Dalfen has failed to provide any evidence in support of its claim to be an additional insured under the policy. Accordingly, the Court concludes Plaintiff's request should be granted.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Summary Judgment (Dkt. 10) is **GRANTED**.

2. Plaintiff Hermitage Insurance Company does not have a duty to defend or indemnify Studio, Inc. Night Club Corp., Dalfen American Corp., and/or Hallel Realty ADA Compliant, LTD, in connection with the lawsuit filed by Antonio Ransom in Hillsborough County Circuit Court on December 20, 2007.

3. Dalfen American Corp. is not an additional insured under the commercial general liability policy No. HGL/506907, issued by Hermitage Insurance Company on or about November 9, 2006, for the term August 4, 2006, through August 4, 2007.

4. The Clerk is directed to enter **Final Summary Judgment** against Defendants and in favor of Plaintiff.

5. All pending motions are denied as moot.

---

[3] An endorsement to the policy lists Hallel as an additional insured manager or lessor of the premises, but does not list Dalfen.

6. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on January 15, 2009.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-330.msj.frm